DIRECTOR OF THE DIVISION OF HOUSING CODE
ENFORCEMENT, CITY OF PONTIAC v CHERNICK

STATUTES—HOUSING LAW—DEMOLITION—REPAIR—REASONABLE TIME.
  A property owner must be afforded a reasonable time in which to
  bring his building into conformity with the standards set by the
  housing law regardless of whether or not the cost of such
  repairs exceeds the assessed or equalized valuation of the
  building before demolition may be compelled (MCLA 125.405[b],
  125.532, 125.534).

Appeal from Oakland, William P. Hampton, J.
Submitted Division 2 January 5, 1973, at Lansing.
(Docket No. 13557.) Decided February 23, 1973.

Action by Ralph Florio, Director of the Division
of Housing Code Enforcement for the City of Pon-
tiac, against Michael F. Chernick and Belle V.
Chernick to compel demolition of a residence
owned by defendants. Complaint by Michael F.
Chernick and Belle V. Chernick against Ralph
Florio and Robert Gerds, Chief Building Inspector
for the City of Pontiac, for mandamus to compel
the issuance of building permits. Cases consoli-
dated for trial. Judgment for plaintiff Florio and
Chernicks' action dismissed. The Chernicks appeal.
Reversed and remanded with instructions.

*Sherman M. Birnkrant*, City Law Director, and
*Thomas E. Hunter*, Deputy City Attorney, for
appellees.

*Schurgin, Katkowski & Rosenberg*, for appel-
lants.

REFERENCE FOR POINTS IN HEADNOTE
40 Am Jur 2d, Housing Laws and Urban Redevelopment § 8.

Before: QUINN, P. J., and R. B. BURNS and C. J.
BYRNS,* JJ.

R. B. BURNS, J. The Director of the Division of
Housing Code Enforcement for the City of Pontiac
instituted an action to compel demolition of a
single-family residence at 715 Bigham Street, Pon-
tiac, Michigan, owned by Michael F. Chernick and
Belle V. Chernick. The action was brought under
MCLA 125.521 *et seq.;* MSA 5.2891(1) *et seq.,* to
correct "flagrant violations" of the housing law
(the state act was adopted by the City Commission
of the City of Pontiac).

Subsequently, the Chernicks brought an action
against the director for mandamus to compel the
director to issue building permits to enable the
Chernicks to make necessary repairs to properties
located at 715 Bigham Street and 775 Monticello
in Pontiac.

The trial judge consolidated the two cases for
trial and held that under "the state housing law
that if the costs to rehabilitate exceeds 100 percent
of the state equalized valuation this court is autho-
rized to order the buildings to be removed".

The trial judge ordered the buildings removed
and dismissed the Chernicks' action against the
director.

The trial judge in his opinion stated:

"It is, therefore, the contention of this court that
these premises cannot be brought up to code as a new
structure; that it would entail completely tearing down
the structures and starting from the foundation right
up and this would have to be done in compliance with
the code as to new structures.

"The court further believes it is economically unfeasi-
ble to attempt to say that the cost of repairs greatly

* Circuit judge, sitting on the Court of Appeals by assignment.

exceeded both the state and the city equalized valuation and that in essence the general overall deterioration of the buildings would constitute a conclusion that these buildings are just beyond repair."

It was stipulated that the assessed values of the Bigham property and the Monticello property were $1,100 and $1,200 respectively. Chernick testified that the repair costs were greater than the assessed values.

MCLA 125.405(b); MSA 5.2775(b) states:

"A dwelling damaged by wear and tear, deterioration, and depreciation to such an extent that the cost of repair and rehabilitation to place it in a safe, sound and sanitary condition exceeds 100 per cent of the assessed valuation at the time when the repairs or rehabilitation are to be made, *shall not be so repaired or rehabilitated unless the dwelling is made to comply in all respects with the provisions of this act relative to dwellings hereafter erected.* A dwelling so damaged by wear and tear, deterioration, and depreciation to such an extent that the cost of repair and rehabilitation shall exceed the assessed valuation shall be deemed unfit for human habitation unless repaired and rehabilitated pursuant to the provisions of this section, *and in case* such dwelling so damaged *is not so repaired* and rehabilitated it shall be vacated and demolished and removed." (Emphasis supplied.)

MCLA 125.532; MSA 5.2891(12) provides:

"(1) If, upon inspection, the premises or any part thereof are found to be in violation of any provision of this act, the violation shall be recorded by the enforcing agency in the registry of owners and premises.

"(2) The owner, and in the discretion of the enforcing agency the occupant, shall be notified in writing of the existence of the violation. The notice shall state the date of the inspection, the name of the inspector, the nature of the violation and the time within which the correction shall be completed.

* * *

"(4) The enforcing agency shall reinspect after such reasonable time for the purpose of ascertaining whether the violations have been corrected."

The issue presented here by plaintiffs is not whether the cost of repairs exceeds assessed or equalized valuation, but whether or not, under the state housing law, the owner should have a reasonable time in which to bring his property into conformity with the standards set for new housing.

If the properties are to be repaired it is mandatory that they comply with the code to meet standards of new housing to which appellants agreed during oral argument. If the repairs fail to meet such standards the houses shall be demolished and removed. Under the act, the determination to repair the buildings to comply with the code or remove them is for the Chernicks, not the director or the courts.

MCLA 125.534; MSA 5.2891(14) states:

"(1) *If the owner or occupant fails to comply with the order* contained in the notice of violation, the enforcing agency may bring an action to enforce the provisions of this act and to abate or enjoin the violation. (Emphasis supplied.)

* * *

"(6) No building shall be removed unless the cost of repair of the building will be greater than the state equalized value of the building."

In the present case the Chernicks sought building permits so they could comply with the orders of the director and correct the violations. The building permits should have been granted and a reasonable time should be set by the court for the completion of repairs and for an inspection, at the peril of demolition.

The cases are reversed and remanded to the trial court for actions consistent with this opinion.

No costs, a public question.

All concurred.